JONES, Circuit Judge, specially
concurring:
Although I agree that mandamus was warranted in this matter, I respectfully cannot subscribe to the majority’s limiting the scope of Atlantic Marine to two-party disputes (or, as the majority somewhat misleadingly puts it, disputes where “all parties” have signed a contract with a forum selection clause). Atlantic Marine Construction Co., Inc. v. U.S. Dist. Court, - U.S. -, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013). This the majority accomplishes by holding, in a case where one of three defendants has had a longstanding forum selection agreement with the plaintiff, that the defendant’s motion to seek severance (Fed.R.Civ.P. 21) reintegrates “private interest” factors into a district *684 court’s decision whether to enforce the clause. Atlantic Marine cannot be so cab-ined, in my view or in the view of numerous other courts whose decisions are not even cited by the majority opinion.[1]
The Supreme Court spoke at length in Atlantic Marine about the importance of enforcing valid forum-selection clauses. It explained that these provisions represent “the parties’ agreement as to the most proper forum,” and that giving them effect protects the “legitimate expectations” of the parties and “furthers vital interests of the justice system.” 134 S.Ct. at 581. “When parties have contracted in advance to litigate disputes in a particular forum,” the Court continued, “courts should not unnecessarily disrupt the parties’ settled expectations.” Id. at 584. Although Atlantic Marine was a two-party case, the Court’s opinion is explicitly premised on the importance of upholding the legitimate expectations of the parties to a forum-selection clause. The Court thus holds that “private interest” factors[2] relevant to a 28 U.S.C. § 1404(a) transfer motion cannot defeat a valid forum-selection clause, nor is it even likely that “public interest” factors[3] can militate against transfer. 134 S.Ct. at 582.
The majority here deviate from Atlantic Marine because two of the defendants were not parties to the forum-selection clause and because Fed.R.CivT\ 21, authorizing severance, must be applied to effectuate the clause. Rule 21 involves essentially the same “private interest” factors that the Court rejected in Atlantic Marine.[4]
*685 Yet, according to the majority’s new three-factor test (if I understand it correctly), after allowing Atlantic Marine to “cut in favor” of one defendant’s severance/transfer to the agreed forum, a court may permit the “private interest factors” of the non-forum selection clause defendants to overcome that clause in favor of “the judicial economy considerations of having all claims determined in a single forum.”[5] The majority concludes that Atlantic Marine cannot “categorically” require severance-and-transfer in all cases. Sadly, the party who negotiated for a specific forum in which to resolve its disputes with a plaintiff is back at square one if the plaintiff joined another defendant.[6]
While I understand the complications that could arise in multiparty litigation where one, or even more than one, forum-selection clause exists, I find it hard to believe that the unanimous Supreme Court might not have been equally percipient. Simple two-party disputes are near a vanishing breed of litigation. It seems highly unlikely that the Supreme Court granted certiorari and awarded the extraordinary relief of mandamus simply to proclaim that a forum selection clause must prevail only when one party sues one other party. The Court is not naive about the nature of litigation today. Further, the Court’s reasoning emphasizes the “settled expectations” of parties who have agreed to a forum selection clause. When private parties have chosen ex ante to protect themselves by selecting a forum, this is no different from their selection of arbitration for dispute resolution. Arbitration clauses, of course, cannot be rendered unenforceable in multiparty litigation. Finally, the majority’s view sacrifices the clarity of Atlantic Marine to easy manipulation, because, if it is correct, any clever party to a lawsuit can readily join another party or individual in an attempt to avoid the forum selection clause.
For these reasons, I believe the majority have erroneously and confusingly diminished the scope of Atlantic Marine. I concur in the judgment only.

.Since Atlantic Marine, numerous district courts have ruled on motions to transfer in multi-defendant cases subject to a forum-selection clause, and none has deployed Rule 21 to thwart transfer. 14-30510. See, e.g., Carmouche Ins., Inc., v. Astonish Results, L.L.C., No. 14-cv-00061, 2014 WL 2740464, at *6-7 (M.D.La., June 17, 2014) (explaining that Rule 21 factors including inconvenience and prejudice to party opposing severance are irrelevant under Atlantic Marine); Valspar Corp. v. E.I. DuPont de Nemours & Co., No. 13-cv-3214, 2014 WL 1607584, at *2-3 (D.Minn. Apr. 21, 2014) (same); Excentus Corp. v. Giant Eagle, Inc., No. 13-cv-178, 2014 WL 923520, at *10 (W.D.Pa. Mar. 10, 2014) (same); 1-Stop Fin. Serv. Centers of Am., LLC v. Astonish Results, LLC, No. 13-cv-961, 2014 WL 279669, at *10 (W.D.Tex. Jan. 23, 2014) (same); Monje v. Spin Master, Inc., No. 09-cv-1713, 2013 WL 6498073, at *4 (D.Ariz. Dec.11, 2013) (noting .that in these circumstances, "[sjeverance is a necessary precursor to ... transfer, and it is justified by the same reason [s]”). Moreover, the district courts that have not enforced forum-selection clauses in multi-defendant cases have not done so on the basis of Rule 21. In re TFT-LCD (Flat Panel) Antitrust Litig., MDL No. 1827, 2014 WL 1477748, at *2 (N.D.Cal. Apr. 14, 2014) (determining that public-interest considerations weighed against transfer); Aquila v. Fleetwood, R.V., Inc., No. 12-cv-3281, 2014 WL 1379648, at *4-5 (E.D.N.Y. Mar. 27, 2014) (same).

. Private interest factors include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.” Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (internal quotation marks omitted).

. Public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversify case in a forum that is at home with the law.” Id. at 581 n. 6 (quoting Piper Aircraft v. Reyno, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 258 n. 6, 70 L.Ed.2d 419 (1981)).

. The Rule 21 factors include "(1) whether the claims arose out of the same transaction or occurrence, (2) whether the claims present common questions of law of fact, (3) whether settlement or judicial economy would be promoted, (4) whether prejudice would be avert *685 ed by severance, and (5) whether different witnesses and documentary proof are required.” PHI, Inc., 2014 WL 1820717, at *5.

. . Because the majority indiscriminately refer to both types of defendants in terms of "private interest” factors, I interpret the holding as best I can.

. A defendant unfortunate enough to be involved in a case sent to the Judicial Panel on Multidistrict Litigation is even behind square one, according to the majority's totally impertinent dicta, which have no place in this case.